```
                                United States Bankruptcy Court
                                Middle District of Pennsylvania
In re:                                                                            Case No. 19-00207-RNO
Joseph Richard Mosluk                                                             Chapter 13
Kelly Ann Mosluk
        Debtors                            CERTIFICATE OF NOTICE
District/off: 0314-5          User: MMchugh                Page 1 of 2                 Date Rcvd: Apr 03, 2019
                              Form ID: pdf002              Total Noticed: 67


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 05, 2019.
db/jdb         Joseph Richard Mosluk,    Kelly Ann Mosluk,    35 Thomas Dr,   Tunkhannock, PA 18657-9565
cr            +Commonwealth of Pennsylvania UCTS Collections Supp,    651 Boas Street, Room 925,
                Harrisburg, PA 17121-0751
cr             Guthrie Medical Group, P.C.,    Burr & Reid, LLP,    P.O. Box 2308,   Binghamton, NY 13902-2308
5165251       ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,    PO BOX 183853,    ARLINGTON TX 76096-3853
                (address filed with court: Americredit Financial Services, Inc.,     Dba GM Financial,
                P.O Box 183853,    Arlington, TX 76096)
5159951       +AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                Arlington, TX 76096-3853
5151487        Apex Asset,   2501 Oregon Pike,    Lancaster, PA 17601-4890
5151488        Aqua America,    762 W Lancaster Ave,    Bryn Mawr, PA 19010-3402
5151489        Blue Ridge Cable,    512 Hunter Hwy Ste 1,    Tunkhannock, PA 18657-7965
5151490       +Burr & Reid,    400 Plaza Dr,    Vestal, NY 13850-3667
5151491       ++CAINE & WEINER COMPANY,    12005 FORD ROAD 300,    DALLAS TX 75234-7262
                (address filed with court: Caine Weiner,    PO Box 55848,   Sherman Oaks, CA 91413-0848)
5151494        Ccs/First National Ban,    500 E 60th St N,    Sioux Falls, SD 57104-0478
5151495        Children's Hospital of Philadelphia,    c/o Harris & Harris,    PO Box 783777,
                Philadelphia, PA 19178-3777
5151612       +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,   Southfield MI 48034-8331
5151496        Credit Acceptance Corp,    PO Box 513,   Southfield, MI 48037-0513
5151498        Denise Mangan,    67 Graham Ave,    Wilkes Barre, PA 18706-3221
5173596        Directv, LLC,    by American InfoSource as agent,    PO Box 5008,    Carol Stream, IL 60197-5008
5151499        Fidelity Dep & Disc Ba,    5338 Washington Ave,    Scranton, PA 18501
5151500        First Premier Bank,    3820 N Louise Ave,    Sioux Falls, SD 57107-0145
5151501        Ge Capital,   401 N Broad St,    Philadelphia, PA 19108-1001
5151502        Gm Financial,    PO Box 181145,    Arlington, TX 76096-1145
5151503       +Guthrie Clinic Epic,    1 Guthrie Sq,    Sayre, PA 18840-1699
5151504       +Guthrie Clinic N,    1 Guthrie Sq,    Sayre, PA 18840-1699
5151505        Guthrie Clinic N,    PO Box 826908,    Philadelphia, PA 19019
5170591        Guthrie Medical Group, P.C.,    c/o Burr & Reid, LLP,    400 Plaza Drive,    PO Box 2308,
                Binghamton, NY 13902-2308
5151506       +Guthrie Robert Packer Hospit,    1 Guthrie Sq,    Sayre, PA 18840-1698
5151508        Jeffrey J. Bognatz,    604 Meshoppen Creek Rd,    Meshoppen, PA 18630-8513
5151486        Law Offices of Jason P Provinzano LLC,    16 W Northampton St,    Wilkes Barre, PA 18701-1708
5151509        Lvnv Funding LLC,    Greenville, SC 29601
5151510        Majestic III,    35 Thomas Dr,    Tunkhannock, PA 18657-9565
5151511        Med Data Sys,   2150 15th Ave,    Vero Beach, FL 32960-3436
5177804       +MidFirst Bank,    999 N.W. Grand Blvd., Suite 100,    Oklahoma City, OK 73118-6051
5151512        Midland Mtg,    PO Box 268959,    Oklahoma City, OK 73126-8959
5151484        Mosluk Joseph Richard,    35 Thomas Dr,    Tunkhannock, PA 18657-9565
5151485        Mosluk Kelly Ann,    35 Thomas Dr,    Tunkhannock, PA 18657-9565
5162225       ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage LLC,     d/b/a Mr. Cooper,    P.O. Box 619096,
                Dallas, TX 75261-9741)
5151514        Nationstar/mr Cooper,    350 Highland St,    Houston, TX 77009-6623
5173434       +Penelec,   FirstEnergy/Penelec,    101 Crawford's Corner Rd,    Bldg 1 Suite 1-511,
                Holmdel NJ 07733-1976
5151517        Penelec,   PO Box 3687,    Akron, OH 44309-3687
5151519       +Progressive Insurance,    6300 Wilson Mills Rd,    Mayfield Village, OH 44143-2182
5151520        R R Resource Recovery,    88 E Tioga Ave,    Corning, NY 14830-2858
5151521        Susquehanna Pathology Lab,    PO Box 197,    State College, PA 16804-0197
5151522        Tbom/contfin,   PO Box 8099,    Newark, DE 19714-8099
5151523        Tyler Memorial Hospital,    5950 State Route 6,    Tunkhannock, PA 18657
5176304       +Tyler Memorial Hospital,    c/o PASI,    PO Box 188,   Brentwood, TN 37024-0188
5161851       +Westkake Financial Services,    4751 Wilshire Blvd., Suite 100,    Los Angeles, CA 90010-3847

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5151614       +E-mail/Text: ra-li-ucts-bankhbg@state.pa.us Apr 03 2019 19:25:01     COMMONWEALTH OF PA  UCTS,
                DEPARTMENT OF LABOR AND INDUSTRY,    COLLECTIONS SUPPORT UNIT,    651 BOAS STREET, ROOM 925,
                HARRISBURG, PA 17121-0751
5151492        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 03 2019 19:31:27
                Capital One Bank USA N.A.,    PO Box 71083,   Charlotte, NC 28272-1083
5151493       +E-mail/Text: bankruptcy@cavps.com Apr 03 2019 19:24:50     Cavalry Portfolio Serv,
                500 Summit Lake Dr,    Valhalla, NY 10595-2322
5152157       +E-mail/Text: bankruptcy@cavps.com Apr 03 2019 19:24:50     Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5151497        E-mail/PDF: creditonebknotifications@resurgent.com Apr 03 2019 19:31:51
                Credit One Bank N.A.,    PO Box 60500,   City of Industry, CA 91716-0500
5151507        E-mail/Text: cio.bncmail@irs.gov Apr 03 2019 19:24:23     Internal Revenue Service,
                Centralized Insolvency Operation,    PO Box 7346,   Philadelphia, PA 19101-7346
5157156        E-mail/PDF: resurgentbknotifications@resurgent.com Apr 03 2019 19:31:32     LVNV Funding, LLC,
                Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5155056         E-mail/Text: bkr@cardworks.com Apr 03 2019 19:24:13      MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,   Greenville, SC 29603-0368
5151513         E-mail/Text: Bankruptcies@nragroup.com Apr 03 2019 19:25:02      National Recovery Agen,
                 2491 Paxton St,    Harrisburg, PA 17111-1036
5164223         E-mail/PDF: cbp@onemainfinancial.com Apr 03 2019 19:31:41      ONEMAIN,    P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
5151515         E-mail/PDF: cbp@onemainfinancial.com Apr 03 2019 19:31:23      Onemain,    PO Box 1010,
                 Evansville, IN  47706-1010
5151516         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 03 2019 19:24:37      PA Dept of Revenue,
                 Bureau of Compliance,    PO Box 280946,    Harrisburg, PA 17128-0946
5177805         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 03 2019 19:31:28
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5151811        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 03 2019 19:32:07
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5165745         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 03 2019 19:24:37
                 Pennsylvania Department of Revenue,    Bankruptcy Division P O Box 280946,
                 Harrisburg PA  17128-0946
5157708         E-mail/PDF: resurgentbknotifications@resurgent.com Apr 03 2019 19:31:52
                 Pinnacle Credit Services, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
5151518         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 03 2019 19:32:05
                 Portfolio Recov Assoc,    120 Corporate Blvd Ste 100,    Norfolk, VA  23502-4952
5171136        +E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 03 2019 19:24:48      Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5175072        +E-mail/Text: bncmail@w-legal.com Apr 03 2019 19:24:47      SYNCHRONY BANK,
                 c/o Weinstein & Riley, PS,    2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
5172729         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 03 2019 19:31:33      Verizon,
                 by American InfoSource as agent,    PO Box 4457,    Houston, TX 77210-4457
5151524         E-mail/Text: bnc-bluestem@quantum3group.com Apr 03 2019 19:24:57      Webbank Fingerhut,
                 6250 Ridgewood Rd,    Saint Cloud, MN 56303-0820
5151525        +E-mail/Text: bankruptcynotice@westlakefinancial.com Apr 03 2019 19:24:42
                 Westlake Financial Svc,    4751 Wilshire Blvd # Bvld,    Los Angeles, CA 90010-3847
                                                                                              TOTAL: 22

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +Americredit Financial Services, Inc. Dba GM Financ,   P.O Box 183853,
               Arlington, TX 76096-3853
cr*           +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5166755*       ONEMAIN,   PO BOX 3251,   EVANSVILLE, IN. 47731-3251
                                                                                   TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 3, 2019 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
          James   Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper
           bkgroup@kmllawgroup.com
          Jason Paul Provinzano    on behalf of Debtor 2 Kelly Ann Mosluk MyLawyer@JPPLaw.com,
           G17727@notify.cincompass.com
          Jason Paul Provinzano    on behalf of Debtor 1 Joseph Richard Mosluk MyLawyer@JPPLaw.com,
           G17727@notify.cincompass.com
          Mark D. Spinner    on behalf of Creditor    Guthrie Medical Group, P.C. mark.spinner@burr-reid.org
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 6
```

Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Joseph R. Mosluk
Kelly A. Mosluk

CHAPTER 13

CASE NO.  5:19-bk-00207

 X   ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

 0   Number of Motions to Avoid Liens
 0   Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | Included | X  Not Included |
| --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | X  Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | X  Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $___0.00____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $___$35,100.00____, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 02/2019 | 01/2024 | $585.00 | $0.00 | $585.00 | $35,100.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $35,100.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:  ( X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (   ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

Rev. 12/01/18

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_X_ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___  None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 X   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| 1) Midland Mortgage<br>2) OneMain Financial | 35 Thomas Dr., Tunkhannock, PA<br>35 Thomas Dr., Tunkhannock, PA | |
| 3) Credit Acceptance Corp<br>4) Fidelity Dep & Disc Bank | 2008 Dodge Nitro<br>2005 Nissan Murano | |
| | | |

4

Case 5:19-bk-00207-RNO    Doc 24    Filed 04/05/19    Entered 04/06/19 00:44:51    Desc
Imaged Certificate of Notice    Page 6 of 14

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

 X  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Midland Mortgage | 35 Thomas Drive Tunkhannock, PA | $18,000.00 | $0.00 | $18,000.00 |
| OneMain Financial | 35 Thomas Drive Tunkhannock, PA | $5,300.00 | $0.00 | $5,300.00 |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

 X  None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

Case 5:19-bk-00207-RNO    Doc 24    Filed 04/05/19    Entered 04/06/19 00:44:51    Desc
Imaged Certificate of Notice    Page 7 of 14

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.* Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F.** **Surrender of Collateral.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

_X_ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Nationstar / Mr. Cooper | 67 Graham Avenue, Wilkes-Barre, PA |
| | |
| | |

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

**3. PRIORITY CLAIMS.**

  A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $___0.00_____ already paid by the Debtor, the amount of $__4,000.00_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines*.

  X   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

  ___   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4))*.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   <u> X </u> None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   <u> X </u> None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

 X  plan confirmation.
___ entry of discharge.
___ closing of case.


**7. DISCHARGE: (Check one)**

( X ) The debtor will seek a discharge pursuant to § 1328(a).
(   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.


Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 01/15/2019        /s/ Jason P. Provinzano, Esquire
                         Attorney for Debtor


                         /s/ Joseph R. Mosluk
                         Debtor

                         /s/ Kelly A. Mosluk
                         Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.